UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

              Plaintiff,

vs.

JIM-PAULO RUBIO SERHAN,

              Defendant.

                                  /

No. 14-20685

District Judge Denise Page Hood

Magistrate Judge R. Steven Whalen

**ORDER**

Before the Court is Defendant Jim-Paulo Rubio Serhan's Motion to Compel Production of Video Evidence and Audio Recordings for Defendant's Inspection [Doc. #29]. The government opposes this motion in part [Doc. #33]. The motion was argued on May 19, 2015. The motion is GRANTED under the conditions set forth below.

The video evidence at issue constitutes child pornography as that term is defined in 18 U.S.C. § 2256, and therefore falls within the restrictions on reproduction and disclosure set forth in 18 U.S.C. § 3509(m). Specifically, the video must "remain in the care, custody, and control of either the Government or the court." Notwithstanding Fed.R.Cr.P. 16, the Court must deny any defense request "to copy, photograph, duplicate, or otherwise reproduce" child pornography "so long as the Government makes the property or material reasonably available to the defendant." 18 U.S.C. § 3509(m)(2)(A). The term "reasonably available" is defined as follows in § 3509(m)(2)(B):

"For the purposes of subparagraph (A), property or material shall be deemed to be reasonably available to the defendant if the Government provides ample opportunity for inspection, viewing, and examination at a Government facility of the property or material by the defendant, his or her attorney, and any individual the defendant may seek to qualify to furnish expert testimony at trial."

The Sixth Circuit has held that "reasonable limits on defense counsel's access to the child pornography at issue in a criminal case" does not "raise constitutional concerns." *Doe v. Boland,* 630 F.3d 491, 496 (6th Cir.2011).

To date, Defendant's attorney has been provided with a recording of the audio portions of the videotape (in which the participants speak in another language, presumably Tagalog), and a transcript of the government's English translation of the audio portion. Defense counsel has also viewed the videotape.

On December 3, 2014, the Defendant filed a motion to suppress the videotape evidence [Doc. #21], which was argued on February 3, 2015 and is currently pending. On May 19, 2015, the government filed a motion to adjourn trial [Doc. #35], which is scheduled for argument on May 22, 2015. The government seeks an adjournment to a date in October, 2015. The Defendant opposes any adjournment.

The evidence in question is clearly relevant, and must be made reasonably available to the Defendant prior to trial, within the strictures of § 3509(m). What constitutes "reasonable availability" or "ample opportunity" to the defense will vary depending upon whether the government's motion to adjourn trial is granted or denied. This Order will therefore address both contingencies.

If the motion to adjourn trial has not been granted, then no later than May 25, 2015, the Defendant and his attorney may view the video on a laptop computer at the United States Marshal's lock-up facility in the Theodore Levin United States Courthouse. Pursuant to 18 U.S.C. § 3509(m), a federal agent must be in custody of the material at all times. In order to respect the attorney-client relationship, defense counsel and counsel for the government will discuss and agree upon a protocol for the physical location of the laptop and the agent during the review, and will submit a proposed stipulated order to the Court regarding their agreement.

If the motion to adjourn trial is granted, then the Defendant and his attorney shall, no later than 45 days before trial, be permitted to view the video on a laptop computer under the conditions described in the preceding paragraph.

For purposes of permitting the Defendant to view the material as set forth above, a federal law enforcement agent shall be permitted to bring a laptop computer and the alleged child pornography into the United States Marshal's lock-up facility in the Theodore Levin United States Courthouse.

IT IS SO ORDERED.

s/ R. Steven Whalen
R. STEVEN WHALEN
UNITED STATES MAGISTRATE JUDGE

Dated: May 21, 2015

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was sent to parties of record on May 21, 2015, electronically and/or by U.S. mail.

s/Carolyn M. Ciesla
Case Manager to the
Honorable R. Steven Whalen