# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION

UNITED STATES OF AMERICA,

     Plaintiff,

                                Case No.  14-20685

v.

                                HONORABLE DENISE PAGE HOOD

JIM-PAULO RUBIO SERHAN (D1),

     Defendant.

_____/

## ORDER DENYING MOTION TO COMPEL PRODUCTION OF WITNESSES FROM THE PHILIPPINES, GRANTING MOTION TO APPOINT DEFENSE COUNSEL UNDER THE CRIMINAL JUSTICE ACT, AND GRANTING DEFENDANT'S ORAL MOTION TO ADJOURN TRIAL

## I.       BACKGROUND

This matter is before the Court on Defendant Jim-Paulo Rubio Serhan's Motion to Compel the People to Produce Joseph Maliwat, Joshua Maliwat and Andrew Bunglon from the Philippines, Motion to Appoint Current Retained Defense Counsel as appointed counsel under the Criminal Justice Act, and Defendant's oral Motion to Adjourn the Trial.  The Government filed responses to the two written motions.

On October 28, 2014, the Indictment was handed down charging Defendant Jim-Paulo Rubio Serhan with:  Production of Child Pornography, 18 U.S.C. § 2251(c)

(Count One); Production of Child Pornography, 18 U.S.C. § 2251(c) (Count Two); and, Transportation of Child Pornography, 18 U.S.C. § 2252A(a)(1) (Count Three); Possession of Child Pornography, 18 U.S.C. § 2252A(a)(5)(B) (Count Four), and a Forfeiture Allegation, 18 U.S.C. § 2253.

The Magistrate Judge ordered Serhan detained pending trial after a detention hearing was held.  (Doc. No. 10; Doc. No. 17 (transcript))  The Court upheld the Magistrate Judge's order detaining Serhan pending trial.  (Doc. No. 20) The Court has also entered an Order denying Serhan's Motion to Suppress.  (Doc. No. 41) The trial is currently scheduled for August 25, 2015, which now the defense seeks to adjourn.

## II.    ANALYSIS

### A.    Defendant's Motion to Compel

Serhan seeks an order compelling the Government under Fed. R. Crim. Rule 17 to produce defense witness Joseph Maliwat, Joshua Maliwat and Andrew Bunglon from the Philippines.  Serhan asserts that these witnesses will give exculpatory information and favorable testimony on behalf of Serhan.  Serhan claims that he is now indigent since his mother has now exhausted her savings and is unable to pay the defense legal fees.  Serhan does not have the necessary resources to facilitate the witnesses' travel to the United States.

Rule 17(b) provides that upon a defendant's ex parte application (which this

was not since it was filed on the public docket by the defense), the court must order that a subpoena be issued for a named witness if the defendant shows an inability to pay the witness's fees and the necessity of the witness's presence for an adequate defense. Fed. R. Crim. P. 17(b). If a witness resides in a foreign country, 28 U.S.C. § 1783 governs the service of a subpoena. Fed. R. Crim. P. 17(e)(2). Courts have held that Rule 17(b) does not apply to witnesses who are not citizens, nationals, or residence of the United States, in light of the provision in 28 U.S.C. § 1783(a). *See Gillars v. United States,* 182 F.2d 962, 978 (C.A. D.C. 1950). Section 1783(a) provides that a court in the United States may order the issuance of a subpoena requiring the appearance as a witness before it "of a *national or resident* of the United States who is in a foreign country ..." 28 U.S.C. § 1783(a)(italics added). "Aliens who are inhabitants of a foreign country cannot be compelled to respond to a subpoena. They owe no allegiance to the United States." *Gillars*, 182 F.2d at 978 (citing *Blackmer v. United States,* 284 U.S. 421 (1932)).

In light of 28 U.S.C. § 1783(a), the Court does not have the authority to issue a subpoena directing Serhan's non-citizen or non-resident witness residing in the Philippines, even if Serhan is able to show that he is unable to pay for his own witnesses. Serhan does not cite any other authority which allows the Court to require the Government to arrange for and pay the travel expenses for the three defense

witnesses from the Philippines.  Serhan's Motion to Compel the People to Produce the three witnesses from the Philippines is denied.

### B.   Serhan's Motion to Appoint his Current Counsel under the CJA

Serhan's retained counsel, Barton W. Morris, seeks to be appointed as counsel for Serhan under the Criminal Justice Act, 18 U.S.C. § 3006A.  Counsel admits he is not currently a member of the CJA panel in this District, but has an application pending for consideration.  As noted in his Motion to Compel, Serhan's mother, who had been responsible for paying counsel's fees, is no longer able to do so.  After reviewing Serhan's signed Financial Affidavit, the Court finds he is unable to afford counsel.

The Government opposes the motion asserting that counsel is not a CJA panel member and that under the CJA and District's CJA plan, "exceptional circumstance" must be shown to appoint counsel who is not a member of the panel be appointed. The Government has no position as to counsel's abilities, but notes that counsel has not shown "exceptional circumstance" in order for the Court to appoint him under the CJA in this case.

This District's CJA Plan provides that the court establish a panel of private attorneys after receiving recommendations from the Panel Selection Committee. (CJA Plan, III.A.1.)   If the district judge presiding over a case determines that the

appointment of an attorney who is not a member of the CJA panel "is in the interest of justice, judicial economy or continuity of representation, or there is some other compelling circumstance warranting his or her appointment, the attorney may be admitted to the CJA panel pro hac vice and appointed to represent the CJA defendant."  (CJA Plan, III.A.4.)  The CJA Plan further states that, "[c]onsideration for preserving the integrity of the panel selection process suggests that such appointments should be made only in exceptional circumstances."  (CJA Plan, III.A.4.)  If the district judge were to appoint counsel not on the CJA Panel, "[n]otice of such appointment shall be sent to the District Court Executive at the time of the appointment."  (CJA Plan, III.A.4.)

At the time of Serhan's arraignment on the Complaint on September 9, 2014 and on the Indictment on October 28, 2014, the Federal Defender was appointed to represent Serhan.  (Doc. Nos. 6 and 12) On December 3, 2014, the Assistant Federal Defender filed a Motion to Suppress on behalf of Serhan.  (Doc. No. 11) Shortly thereafter, on December 15, 2014, current retained counsel filed an appearance on behalf of Serhan.  (Doc. No. 24)

Although it is at the Court's discretion to appoint retained counsel under the CJA, under the District's CJA Plan, the Court must find "exceptional circumstances" to appoint retained counsel.  Based on defense counsel's submissions and arguments

before the Court, it appears current counsel is sufficiently knowledgeable of the procedures and rules in this District and under federal law.  In this instance, there exists exceptional circumstances since Serhan trial is scheduled for October 2015, a little over two months away.  Serhan has been represented by current counsel since December 2014 and it appears that Serhan is satisfied with defense counsel's representation of Serhan.  The Court finds in this instance that it is in the interest of justice, judicial economy and continuity of representation for current retained counsel to be appointed under the CJA.  The Court grants Defendant's Motion to Appoint Counsel Pursuant to the CJA.

### C.    Defendant's Oral Motion to Adjourn Trial

At the August 6, 2015 hearing, defense counsel moved to adjourn the August 25, 2015 trial (which was scheduled at the defense's insistence and in opposition to the Government's prior motion to adjourn trial).  Serhan waived his right to a speedy trial.  The Court granted the motion on the record.

### III.    CONCLUSION

For the reasons set forth above,

IT IS ORDERED that Defendant's Motion to Compel the People to Produce Joseph Maliwat, Joshua Maliwat and Andrew Bunglon from the Philippines **(Doc. No. 42)** is **DENIED.**

IT IS FURTHER ORDERED that Defendant's Motion to Appoint Counsel for Defendant Pursuant to the Criminal Justice Act (**Doc. No. 43**) is **GRANTED**.

IT IS FURTHER ORDERED that Defendant's Oral Motion to Adjourn Trial heard on August 7, 2015 is **GRANTED.**

S/Denise Page Hood
Denise Page Hood
United States District Judge

Dated:  August 17, 2015

I hereby certify that a copy of the foregoing document was served upon counsel of record on August 17, 2015, by electronic and/or ordinary mail.

S/LaShawn R. Saulsberry
Case Manager

7