# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff-Respondent,

v.

JIM-PAULO RUBIO SERHAN,

    Defendant-Petitioner.
_____/

Criminal Case No. 14-20685
Civil Case No. 18-10893
HON. DENISE PAGE HOOD

## ORDER DENYING MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT SENTENCE [#73]; ORDER DISMISSING CIVIL CASE NO. 18-10893; and ORDER DENYING CERTIFICATE OF APPEALABILITY

On October 27, 2015, pursuant to a Rule 11 Plea Agreement, Petitioner Jim-Paulo Rubio Serhan pleaded guilty to Count 2 of a four-court Indictment. The undersigned imposed a sentence of 180 months, which was below the applicable U.S. Sentencing Guideline range of 210-262 months. Petitioner filed a timely appeal of "the judgment and sentence," but the Sixth Circuit Court of Appeals dismissed his appeal because he had waived his right to appeal pursuant to the terms of his Rule 11 Plea Agreement. On March 16, 2018, Petitioner filed the instant Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 (the "Motion"). [Dkt. No. 73] Petitioner contends that his initial counsel was ineffective because counsel did not cause Petitioner to promptly waive the Indictment and enter an open guilty plea when the Government filed its criminal

complaint against Petitioner. The Government filed a response to the Motion [Dkt. No. 79], and Petitioner did not file a reply.

I.  BACKGROUND

As set forth in the Sixth Circuit's order regarding Petitioner's appeal:

> In August 2014, during an inspection by Canadian Border Service agents while Serhan and another individual were attempting to enter Canada, the agents discovered images of child pornography on Serhan's smartphone. Serhan and his traveling companion were denied entry and escorted to the United States entry point. United States Customs and Border Protection agents searched Serhan's phone and found two videos of child pornography that Serhan had made while in the Philippines. Serhan was subsequently charged with two counts of producing child pornography, in violation of 18 U.S.C. § 2251(c); transportation of child pornography, in violation of 18 U.S.C. § 2252A(a)(1); and possession of child pornography, in violation of 18 U.S.C. § 2252A(a)(5)(B). Pursuant to a Federal Rule of Criminal Procedure 11(c)(1)(C) plea agreement, Serhan ultimately pleaded guilty to one count of producing child pornography. The parties agreed to a sentence of 180 to 210 months of imprisonment. The plea agreement included an appellate-waiver provision, which provided in relevant part: "The defendant waives any right he may have to appeal his conviction. If the defendant's sentence does not exceed the maximum allowed by Part 3 of this agreement, the defendant also waives any right he may have to appeal his sentence."
>
> After the court accepted Serhan's guilty plea, the probation office prepared a presentence report, which calculated a guidelines imprisonment range of 210 to 262 months of imprisonment. The district court sentenced Serhan to the statutory mandatory minimum sentence of 180 months of imprisonment—the bottom of the range agreed to by the parties—to be followed by five years of supervised release.

For purposes of deciding the Motion, the Court also notes that on September 9, 2014, a criminal complaint was sworn and an arrest warrant for Petitioner was issued. The criminal complaint alleged that Petitioner violated 18 U.S.C. §§ 2252A(a)(1) and (a)(5)(B) for possession and transportation of child pornography, respectively. On October 15, 2018, Petitioner made his initial appearance and a detention hearing was set for October 20, 2018. On October 20, 2018, an attorney with the Federal Defender Office made an appearance on Petitioner's behalf, and that attorney represented Petitioner at the detention hearing on October 20, 2018 and during all other events relevant to the Motion. At the October 20, 2018 hearing, the Court denied Petitioner's appeal of detention and ordered that his detention pending trial be continued. On October 28, 2014, the Government filed the four-count Indictment against Petitioner, adding the two counts of producing child pornography to the charges of possession and transportation of child pornography set forth in the criminal complaint.

## II. LEGAL STANDARDS

### A. 28 U.S.C. § 2255

28 U.S.C. § 2255 authorizes a federal prisoner to move the district court to vacate a sentence. 28 U.S.C. § 2255(a). A defendant seeking relief under § 2255 "must allege as a basis for relief: (1) an error of constitutional magnitude; (2) a

3

sentence imposed outside statutory limits; or (3) an error of fact or law that was so fundamental as to render the entire proceeding invalid." *Pough v. United States*, 442 F.3d 959, 964 (6th Cir. 2006) (citing *Mallett v. United States*, 334 F.3d 491, 496-97 (6th Cir. 2003)). When raising claims alleging errors of constitutional magnitude, a defendant must show that the constitutional error had a substantial and injurious effect or influence on the proceedings. *Brecht v. Abrahamson*, 507 U.S. 619, 637-38 (1993); *Watson v. United States*, 165 F.3d 486, 488 (6th Cir. 1999). Further, relief under § 2255 requires a showing of "a fundamental defect which inherently results in a complete miscarriage of justice." *Davis v. U. S.*, 417 U.S. 333, 346 (1974).

### B. Ineffective Assistance of Counsel Claim

Under the Sixth Amendment, a defendant has a right to "have the assistance of counsel for his defense." U.S. Const. Amend. VI. The Sixth Amendment guarantees a defendant the right to "reasonably effective assistance of counsel." *Strickland v. Washington*, 466 U.S. 668, 687 (1984). In *Strickland*, the Supreme Court articulated a two-prong test for ineffective counsel:

> First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive

4

> the defendant of a fair trial, a trial whose result is reliable. Unless a defendant makes both showings, it cannot be said that the conviction . . . resulted from a breakdown of the adversary process that renders the result unreliable.

*Id*. "There is a strong presumption that legal counsel is competent," *United States v. Osterbrock*, 891 F.2d 1216, 1220 (6th Cir. 1989), and "falls within the wide range of reasonable professional assistance." *Strickland*, 466 U.S. at 689. A "reviewing court must give a highly deferential scrutiny to counsel's performance." *Ward v. United States*, 995 F.2d 1317, 1321 (6th Cir. 1993). Further, "[t]he reasonableness of counsel's performance is to be evaluated from counsel's perspective at the time of the alleged error and in light of all the circumstances." *Kimmelman v. Morrison*, 477 U.S. 365, 384 (1986). "The defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland,* 466 U.S. at 694.

## III. ANALYSIS

Petitioner contends that his initial counsel was ineffective because counsel did not cause Petitioner to plead guilty to the criminal complaint before the Government filed the Indictment containing the two additional, more serious charges. Petitioner contends that, had he pled guilty to the charges in the criminal

complaint, he would have been subject only to a five-year mandatory minimum sentence instead of the fifteen-year mandatory minimum to which he was subject when pleading guilty to Count 2 of the Indictment. The Court finds no merit in Petitioner's argument.

The Court concludes that Petitioner cannot satisfy the first prong of *Strickland*. First, only 13 days transpired from the date Petitioner made his initial appearance on the criminal complaint to the date the Indictment was filed. Second, only 8 days transpired between the date Petitioner's initial counsel filed an appearance and the date the Indictment was filed. The Court finds that these minimal periods of time would preclude a reasonable attorney from, among other things: (1) reviewing the necessary documentation, records, police reports and associated evidence against Petitioner; (2) discussing the matter with Petitioner; (3) contacting and talking to Michael McGill, who was traveling with Petitioner when they attempted to cross into Canada and were selected for further investigation; (4) communicating with the U.S. Attorney's Office regarding a plea agreement; and (5) discussing and obtaining Petitioner's approval to enter into a plea agreement.

Third, although Petitioner argues that his initial counsel should have caused Petitioner to take an expeditious plea, the cases cited by Petitioner in the Motion undermine that contention. The three cases cited by Petitioner do not stand for the

proposition that counsel should cause a client to plead to criminal complaint as soon as possible. Rather, those three cases address, in Petitioner's words, "the failure of trial counsel to conduct a reasonable case investigation." *See* Dkt. No. 73, PgID 580-85 (citing and quoting from *Kimmelman v. Morrison*, 477 U.S. 365 (1986); *Ramonez v. Berghuis*, 490 F.3d 482 (6th Cir. 2007); *Holsenback v. White*, 133 F.3d 1382 (11th Cir. 1998)).

Fourth, the Court is not persuaded by Petitioner's contention that his initial counsel: (1) should have "properly examine[d] the initial case criminal complaint allegations with an 'eye toward' whether the Government would likely file an Indictment soon thereafter adding a production count(s) that would necessarily, and materially increase Serhan's sentencing exposure [and (2) his initial counsel's failure to do so] constituted ineffective assistance of Counsel violative of Serhan's Sixth Amendment Right to Counsel and violating the holdings of *Strickland* and its progeny." Dkt. No. 73, PgID 585-86. As discussed below, the Government would not have been precluded from filing the production of child pornography charges even if Petitioner had pleaded guilty to the criminal complaint.

For those reasons, the Court concludes that Petitioner has not shown that his initial counsel's representation fell below an objective standard of reasonableness, even if the Court does not, as it must, "indulge a strong presumption that counsel's

7

conduct falls within the wide range of reasonable professional assistance." *Groseclose*, 130 F.3d at 1167; *see also Hill*, 474 U.S. at 57-59.

The Court also finds that Petitioner cannot satisfy the second prong of *Srickland* because Petitioner cannot show how he would have been prejudiced even if his initial counsel would have caused Petitioner to expeditiously plead guilty to the criminal complaint. The Government had the right and authority to indict Petitioner on the two production of child pornography charges even if Petitioner had pleaded guilty to the possession and transportation of child pornography charges on the day the criminal complaint was filed. *See, e.g., United States v. Tidwell*, 917 F.2d 1305 (Table), 1990 WL 170432, at *2 (6th Cir. 1990) (where "each statute at issue require[s] proof of an additional fact which the other does not," the Double Jeopardy Clause is not offended).

Accordingly, the Court denies Petitioner's Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255.

## IV. CERTIFICATE OF APPEALABILITY

"The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rules Governing § 2254 Cases, Rule 11(a), 28 U.S.C. foll. § 2254. In order to obtain a certificate of appealability, a defendant "must make a substantial showing of the denial of a constitutional right."

*Slack v. Daniel*, 529 U.S. 473, 483 (2000); 28 U.S.C. § 2253(c)(2). To demonstrate this denial, the defendant is required to show that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner, or that the issues presented were adequate to deserve encouragement to proceed further." *Slack,* 529 U.S. at 483-84 (citation and internal quotations omitted). In other words, when a district court rejects a defendant's constitutional claims on the merits, the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims to be debatable or wrong. *Id.* at 484. Courts must either issue a certificate of appealability indicating which issues satisfy the required showing or provide reasons why such a certificate should not issue. 28 U.S.C. § 2253(c)(3); Fed. R. App. P. 22(b); *In re Certificates of Appealability,* 106 F.3d 1306, 1307 (6th Cir. 1997).

The Court concludes that Petitioner has not shown (and cannot show) that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner, or that the issues presented were adequate to deserve encouragement to proceed further." *Slack,* 529 U.S. at 483-84 (citation and internal quotations omitted). For the reasons stated above, the Court finds that the issue raised by Petitioner is without merit, and the Court will not

issue Petitioner a certificate of appealability.

## V. CONCLUSION

For the reasons set forth above,

IT IS ORDERED that Petitioner's Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255 [Criminal Case No. 14-20685, Dkt. No. 73, filed March 16, 2018] is **DENIED.**

IT IS FURTHER ORDERED that the Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255 [Civil Case No. 18-10893] is **DISMISSED WITH PREJUDICE and designated as CLOSED.**

IT IS FURTHER ORDERED that a certificate of appealability not issue in this case.

S/Denise Page Hood  
Denise Page Hood  
Chief Judge, United States District Court

Dated: November 21, 2018

I hereby certify that a copy of the foregoing document was served upon counsel of record on November 21, 2018, by electronic and/or ordinary mail.

S/LaShawn R. Saulsberry  
Case Manager